UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTOS DIAZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SIX UNKNOWN NAMES AGENTS, et al.,<br><br>　　　　　Defendants. | Case No.: 1:13-cv-01961-LJO-MJS (PC)<br><br>ORDER STRIKING COMPLAINT AND REQUIRING PLAINTIFF TO FILE SIGNED COMPLAINT FORM AND EITHER FILE APPLICATION TO PROCEED IN FORMA PAUPERIS OR PAY FILING FEE WITHIN FOURTEEN DAYS<br><br>(ECF No. 1) |

　　　　On December 2, 2013, Plaintiff Santos Diaz ("Plaintiff") filed what was construed as a civil rights complaint pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), which provides a remedy for violation of civil rights by federal actors. (Compl., ECF No. 1.) In addition to failing to set forth any intelligible claim for relief, the Complaint is unsigned.

　　　　The Court cannot consider unsigned filings. Fed. R. Civ. P. 11(a) ("[e]very pleading. . . must be signed. . . by a party personally if the party is unrepresented"). Accordingly, this

1

complaint shall be stricken from the record.  Plaintiff will be given fourteen days to file a signed complaint that complies with Federal Rule of Civil Procedure 8(a).[1]

Additionally, a civil action may not proceed without the submission of either the filing fee or the grant of in forma pauperis status.  28 U.S.C. §§ 1914, 1915.  Plaintiff therefore shall also file a motion seeking leave to proceed in forma pauperis or pay the $400.00 filing fee in full.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's Complaint is stricken from the record for lack of signature;
2. The Clerk's Office shall send Plaintiff a Bivens complaint form and an application to proceed in forma pauperis;
3. Within fourteen (14) days from the date of service of this order, Plaintiff must file a signed complaint and either file a motion seeking leave to proceed in forma pauperis or pay the $400.00 filing fee for this action; and
4. The failure to comply with this order will result in dismissal of this action.

IT IS SO ORDERED.

Dated:   December 10, 2013          /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE

---

[1] A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  To state a viable claim for relief, Plaintiff must set forth factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-679; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard. Id.